NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3566
_____

HARBHINDER SINGH,
                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A201-297-300)
Immigration Judge:  Honorable Steven A. Morley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Filed: April 24, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Harbhinder Singh has filed a petition for review challenging a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

final order of removal. For the reasons detailed below, we will deny the petition for review.

Singh is a citizen of India. He entered the United States in 2011, and was almost immediately apprehended by agents of the Department of Homeland Security and charged with being removable as an alien present in the United States without admission under 8 U.S.C. § 1182(a)(6)(A)(i). Singh conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Singh testified before an Immigration Judge (IJ) in support of his claims. He stated that he resided in the state of Punjab and a village near Gurdaspur, and that he was a member of the Shiromani Akali Dal political party. This party seeks to establish an independent Sikh country called Khalistan. Singh alleged that, due to his membership in this party, he was attacked on two occasions by members of the rival Congress party. First, on December 14, 2010, while attending a party rally, about 50 members of the Congress party attacked him and other members of Shiromani Akali Dal; Singh testified that he was beaten until he lost consciousness and that he needed stitches in his hand. Second, on March 31, 2011, members of the Congress party invaded his home, which he shared with his wife, child, mother, and father. Again, he was beaten, and suffered damage to his shoulder. Singh produced doctor's reports documenting these two injuries, as well as statements from his father and a village leader (called a sarpanch).

The IJ denied all relief to Singh. First, the IJ concluded that Singh failed to present credible testimony, due to discrepancies between Singh's testimony and the

2

documentary evidence, including his prior statement, the statements provided by his father and the sarpanch, and the country-conditions evidence. Second, the IJ ruled that Singh had failed adequately to corroborate his claims. Finally, the IJ concluded that Singh had simply failed to sustain his burdens of proof. Singh appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal. The BIA agreed with the IJ's credibility and corroboration determinations, and likewise concluded that Singh had failed to show that he was entitled to relief on his CAT claim. Singh then filed a timely petition for review to this Court.

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. Because "the BIA has based its decision on the IJ's adverse credibility analysis, we may review both the BIA's opinion and the IJ's opinion." Myat Thu v. Att'y Gen., 510 F.3d 405, 412 (3d Cir. 2007). We review the agency's factual findings — which include the credibility determination, see Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008), and the assessment of what is likely to happen to Singh if he is removed, see Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010) — under the substantial-evidence standard. We must uphold these findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's credibility determination. As the BIA observed, there were a number of inconsistencies between the Singh's testimony and the record evidence. First, Singh testified that, on the day after the home invasion, he met with the sarpanch and discussed the incident. Meanwhile, in his statement, the sarpanch

3

reported that by the time he arrived, Singh had already fled. Similarly, Singh's father attributed the invasion to "some un-identified persons," while Singh testified that he and his family recognized the attackers (by name and face) and knew that they were affiliated with the Congress party. Further, in his statement, Singh said that he and his father were the only victims of the home invasion, while he testified that his mother and wife were also attacked. It was reasonable for the BIA to base an adverse credibility determination on these discrepancies. See 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that credibility determinations may be based on, among other things, "the consistency of such statements with other evidence of record"); Xin Jie Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004) (later embellishment of claim may support adverse credibility finding). Moreover, while Singh tried to explain these inconsistencies — he stated, respectively, that the sarpanch must have meant that Singh had subsequently left, that he did not believe that the attacks on his mother and wife were relevant, and that his father did not name the attackers in his letter to avoid upsetting them — the agency was not required to accept these explanations. See Xie, 359 F.3d at 245-46. Accordingly, the BIA did not err in denying Singh's asylum and withholding-of-removal claims.[1] See Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003).

---

[1] In light of this conclusion, we need not reach the BIA's alternative ruling that Singh failed to adequately corroborate his testimony. See Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc) ("An alien's credibility, by itself, may satisfy his burden, or doom his claim."); see generally Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011).

Substantial evidence likewise supports the BIA's conclusion that Singh was not entitled to relief under the CAT because he failed to show that it was more likely than not that he would be tortured at the instigation of or with the consent or acquiescence of the Indian government. See 8 C.F.R. § 1208.18(a)(1). As the BIA concluded, Singh did not present any objective evidence in support of his claim. It was reasonable for the BIA to conclude that Singh's testimony — which it did not find credible — and speculation about what he believed would happen to him in India were not sufficient, standing alone, to satisfy the CAT's demanding standard. See, e.g., Denis v. Att'y Gen., 633 F.3d 201, 218 (3d Cir. 2011).

Accordingly, we will deny Singh's petition for review.[2]

---

[2] Singh attached to his brief a newly drafted affidavit, but we are required to "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).